```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
```

## JAN 23 2024

```
            AT SEATTLE
     CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-074 RSM |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| DE'ONDRE LAMONTIA PHILLIPS, a/k/a DEONDRE LAMONTIA McDOUGLE, | |
| Defendant. | |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Todd Greenberg of the Western District of Washington, and DE'ONDRE LAMONTIA PHILLIPS and his attorney Brent Hart, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B).

1.      **The Charges.**  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

a.     *Possession of Controlled Substances with Intent to Distribute*, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), a lesser-included offense of Count 7.

b.     *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 8, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

c.     *Unlawful Possession of Firearms*, as charged in Counts 10 and 11, in violation of Title 18, United States Code, Section 922(g)(1).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.     **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a.     The elements of *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 7, are as follows:

First, Defendant knowingly possessed controlled substances, that is, fentanyl and methamphetamine; and

Second, Defendant intended to distribute the controlled substances to other persons.

b.     The elements of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 8, are as follows:

First, Defendant committed the drug trafficking crime of *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 7;

Second, Defendant knowingly possessed a firearm; and

Third, Defendant possessed the firearm in furtherance of the drug trafficking crime charged in Count 7.

Plea Agreement - 2
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.     The elements of *Unlawful Possession of Firearms*, as charged in Counts 10 and 11, are as follows:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped and transported in interstate and foreign commerce;

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3.     **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.     For the offense of *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 7: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000.00, a period of supervision following release from prison of at least three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

b.     For the offense of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 8: A maximum term of imprisonment of life and a mandatory minimum term of imprisonment of five (5) years, which must be served consecutive to any other sentence, a fine of up to $250,000.00, a period of supervision following release from prison of up to five (5) years, and a mandatory special assessment of $100.00 dollars.

Plea Agreement - 3
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1             c.      For the offense of *Unlawful Possession of Firearms*, as charged in

2    Counts 10 and 11: A maximum term of imprisonment of up to 15 years, a fine of

3    up to $250,000.00, a period of supervision following release from prison of up to

4    three (3) years, and a mandatory special assessment of $100.00 dollars. If a

5    probationary sentence is imposed, the probation period can be for up to five (5)

6    years.

7          Defendant understands that supervised release is a period of time following

8    imprisonment during which Defendant will be subject to certain restrictive conditions and

9    requirements. Defendant further understands that, if supervised release is imposed and

10   Defendant violates one or more of the conditions or requirements, Defendant could be

11   returned to prison for all or part of the term of supervised release that was originally

12   imposed. This could result in Defendant serving a total term of imprisonment greater

13   than the statutory maximum stated above.

14         Defendant understands that as a part of any sentence, in addition to any term of

15   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

16   restitution to any victim of the offense, as required by law.

17         Defendant further understands that the consequences of pleading guilty may

18   include the forfeiture of certain property, either as a part of the sentence imposed by the

19   Court, or as a result of civil judicial or administrative process.

20         Defendant agrees that any monetary penalty the Court imposes, including the

21   special assessment, fine, costs, or restitution, is due and payable immediately and further

22   agrees to submit a completed Financial Disclosure Statement as requested by the United

23   States Attorney's Office.

24         Defendant understands that, if pleading guilty to a felony drug offense, Defendant

25   will become ineligible for certain food stamp and Social Security benefits as directed by

26   Title 21, United States Code, Section 862a.

27

Plea Agreement - 4
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    4.    **Immigration Consequences**.   Defendant recognizes that pleading guilty

2  may have consequences with respect to Defendant's immigration status if Defendant is

3  not a citizen of the United States. Under federal law, a broad range of crimes are grounds

4  for removal, and some offenses make removal from the United States presumptively

5  mandatory. Removal and other immigration consequences are the subject of a separate

6  proceeding, and Defendant understands that no one, including Defendant's attorney and

7  the Court, can predict with certainty the effect of a guilty plea on immigration status.

8  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

9  immigration consequences that Defendant's guilty pleas may entail, even if the

10  consequence is Defendant's mandatory removal from the United States.

11    5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

12  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

13        a.    The right to plead not guilty and to persist in a plea of not guilty;

14        b.    The right to a speedy and public trial before a jury of Defendant's

15  peers;

16        c.    The right to the effective assistance of counsel at trial, including, if

17  Defendant could not afford an attorney, the right to have the Court appoint one for

18  Defendant;

19        d.    The right to be presumed innocent until guilt has been established

20  beyond a reasonable doubt at trial;

21        e.    The right to confront and cross-examine witnesses against Defendant

22  at trial;

23        f.    The right to compel or subpoena witnesses to appear on Defendant's

24  behalf at trial;

25        g.    The right to testify or to remain silent at trial, at which trial such

26  silence could not be used against Defendant; and

27        h.    The right to appeal a finding of guilt or any pretrial rulings.

Plea Agreement - 5
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    6.    **United States Sentencing Guidelines.** Defendant understands and

2 acknowledges that the Court must consider the sentencing range calculated under the

3 United States Sentencing Guidelines and possible departures under the Sentencing

4 Guidelines together with the other factors set forth in Title 18, United States Code,

5 Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the

6 history and characteristics of Defendant; (3) the need for the sentence to reflect the

7 seriousness of the offense(s), to promote respect for the law, and to provide just

8 punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

9 to criminal conduct; (5) the need for the sentence to protect the public from further

10 crimes of Defendant; (6) the need to provide Defendant with educational and vocational

11 training, medical care, or other correctional treatment in the most effective manner; (7)

12 the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

13 need to avoid unwarranted sentence disparity among defendants involved in similar

14 conduct who have similar records. Accordingly, Defendant understands and

15 acknowledges that:

16    a.    The Court will determine Defendant's Sentencing Guidelines range

17 at the time of sentencing;

18    b.    After consideration of the Sentencing Guidelines and the factors in

19 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

20 maximum term authorized by law;

21    c.    The Court is not bound by any recommendation regarding the

22 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

23 range offered by the parties or the United States Probation Department, or by any

24 stipulations or agreements between the parties in this Plea Agreement; and

25    d.    Defendant may not withdraw a guilty plea solely because of the

26 sentence imposed by the Court.

27

Plea Agreement - 6
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    7.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or

2   guaranteed what sentence the Court will impose.

3    8.    **Statement of Facts**. The parties agree on the following facts. Defendant

4   admits Defendant is guilty of the charged offenses:

5
       During early 2023, investigators identified co-defendant Dion Cooper as a prolific
6   "straw purchaser" of more than 100 firearms. Investigators determined that Cooper
    purchased firearms for other persons, including Phillips.
7

8        During physical surveillance operations in March and April 2023, investigators
    observed Phillips driving Cooper to various Federal Firearm Licensee gun stores. Phillips
9   waited in his vehicle as Cooper entered the gun stores and purchased firearms. Through
    this surveillance, investigators determined that Phillips lived in an apartment in Kent,
10  Washington and was seen entering and leaving a storage garage unit in Federal Way,
11  Washington.

12       On April 12, 2023, investigators arrested Phillips while he was driving his
    Chevrolet Tahoe. Officers searched the Tahoe pursuant to a search warrant and located
13  the following contraband evidence:
14

15  - FNH, Model Five-Seven, 5.7x28mm caliber pistol with serial number
      386264899. The pistol was loaded with a magazine containing 19 rounds of
16    5.7x28mm caliber ammunition.
    - Shadow Systems, Model XR920, 9mm Parabellum caliber pistol, with serial
17    number SSX045847. This firearm was found in the back seat of the Tahoe in a
18    small white box contained inside of a larger cardboard box.
    - A 5.7mm firearm magazine found inside of small black cloth bag contained in
19    a larger blue duffle bag. The duffle bag was found on the backseat of the
20    Tahoe.
    - Controlled substances including: 106.6 grams of blue fentanyl pills, 51.7 grams
21    of methamphetamine, along with drug packaging and a digital scale. Most of
      the controlled substances were found inside of the blue duffle bag.
22

23       That same day, investigators also executed a search warrant on Phillips'
    apartment. Officers recovered the below-listed sixteen firearms at the apartment:
24

25  - Glock 19 9mm caliber handgun with serial number BUKK259 (purchased by
      Cooper on February 18, 2023);
26  - Glock 43X 9mm caliber handgun with serial number BYPN654 (purchased by
27    Cooper on March 21, 2023);

- Heckler & Koch, Model P2000SK .40 caliber handgun with SN 122-000326 (purchased by Cooper on April 12, 2023);
- Taurus G3 9mm caliber handgun with serial number ADG486677 (purchased by Cooper on April 12, 2023);
- Springfield Armory, Model XD40, .40 S&W caliber handgun with serial number XD300481 (purchased by Cooper on April 12, 2023);
- Glock 17 9mm caliber handgun with serial number AHPK009 (purchased by Cooper on April 12, 2023);
- Glock 21 .45 ACP caliber handgun with serial number BYWC267 (purchased by Cooper on April 12, 2023);
- Tisas M1911 .45 ACP caliber handgun with serial number T0620-22Z01842 (purchased by Cooper on April 12, 2023);
- Girsan MCP35 handgun serial #T6368-22EU05584 (purchased by Cooper on April 12, 2023);
- Glock 23 .40 S&W caliber handgun with serial number UXU051 (purchased by Cooper on April 12, 2023);
- Glock 17 9mm caliber handgun with serial number 00108GEN1 (purchased by Cooper on April 12, 2023);
- Glock 17 9mm caliber handgun with serial number KZS916 (purchased by Cooper on April 12, 2023)
- Glock 23 .40 S&W caliber handgun with serial number PBB239;
- Romarm Cugir, Mini Draco 7.62 x 39mm caliber AK-47 variant pistol with serial number ROA22DG5723;
- Ruger PC Charger 9mm handgun with serial number 91335066; and
- Ruger Five-Seven 5.7 x 28mm caliber handgun.

Officers also recovered evidence of drug trafficking inside of Phillips' apartment, including:

- 518.1 grams of blue fentanyl pills;
- 246.4 grams of methamphetamine; and
- Approximately $22,000 in cash.

Investigators then executed a search warrant at the above-referenced storage garage in Federal Way and recovered the following firearms and ammunition:

- Romarm Cugir, Micro Draco AK-47 variant 7.62 x 39mm caliber pistol with serial number PMD-33509 (purchased by Cooper on March 21, 2023);
- Ruger, Model 10/22, .22LR caliber rifle with serial number 251-20165;
- Derya Arms, Model VRPA40, magazine fed 12-gauge shotgun with serial number R245194;
- Privately Manufactured 5.56 x 45mm caliber short-barreled rifle with no serial

Plea Agreement - 8
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

number;

- Privately Manufactured 5.56 x 45mm caliber short-barreled rifle with no serial number; and

- Hundreds of rounds ammunition and various firearm accessories.

At the time of the offenses charged in the Indictment, Phillips knew that he was prohibited from possessing firearms because he has been convicted of felony offenses punishable by imprisonment for a term exceeding one year, including: *Violation of the Uniform Controlled Substances Act – Delivery of Heroin*, in King County Superior Court, on or about September 25, 2015, under cause number 14-1-03380-6; and *Unlawful Possession of a Firearm in the First Degree* and *Assault in the Second Degree* (two counts), in King County Superior Court, on or about June 19, 2009, under cause number 08-1-02727-5.

Phillips admits that he possessed all of the above-referenced controlled substances with the intent to distribute them to other persons. Phillips also acknowledges that he possessed all of the above-referenced firearms in and affecting interstate and foreign commerce and that the firearms had travelled in interstate commerce. Lastly, Phillips admits that he possessed the FNH, Model Five-Seven, 5.7x28mm caliber pistol with serial number 386264899 in furtherance of the drug trafficking crime alleged in Count 7, including for the purpose of protecting himself, his controlled substances, and his drug trafficking proceeds.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.      **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.      A base offense level of 30, pursuant to USSG § 2D1.1(c)(5), based on the quantity of controlled substances involved in the offense.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated

Plea Agreement - 9
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | adjustments, and is further free to apply additional downward or upward adjustments in
2 | determining Defendant's Sentencing Guidelines range.

3 |       10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes
4 | Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant
5 | to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will
6 | make the motion necessary to permit the Court to decrease the total offense level by three
7 | (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the
8 | United States by timely notifying the United States of Defendant's intention to plead
9 | guilty, thereby permitting the United States to avoid preparing for trial and permitting the
10 | Court to allocate its resources efficiently.

11 |       11. **Agreed Recommendation Regarding Imprisonment**. Pursuant to
12 | Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a
13 | sentence of not greater than 96 months. Defendant is free to recommend the mandatory
14 | minimum sentence of 60 months and one (1) day. Defendant understands that these
15 | recommendations are not binding on the Court and the Court may reject the
16 | recommendations of the parties and may impose any term of imprisonment up to the
17 | statutory maximum penalty authorized by law. Defendant further understands that
18 | Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the
19 | Court. Except as otherwise provided in this Plea Agreement, the parties are free to
20 | present arguments regarding any other aspect of sentencing.

21 |       12. **Abandonment of Contraband**. Defendant also agrees that, if any federal
22 | law enforcement agency seized any illegal contraband that was in Defendant's direct or
23 | indirect control, Defendant consents to the federal administrative disposition, official use,
24 | and/or destruction of that contraband. This provision applies to all firearms and
25 | ammunition that were involved in the offenses charged in the Indictment, including the
26 | firearms seized on April 12, 2023, as listed in the Forfeiture Allegations in the Indictment
27 | in subparagraphs 1(a) through 1(j), 8(a) through 8(f), and 9(a) through 9(c).

Plea Agreement - 10
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to move to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14.     **Breach, Waiver, and Post-Plea Conduct**.  Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

Plea Agreement - 11
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

2  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

3  to file additional charges against Defendant or to seek a sentence that takes such conduct

4  into consideration by requesting the Court to apply additional adjustments or

5  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

6  advisory Guidelines range, and/or by seeking an upward departure or variance from the

7  calculated advisory Guidelines range. Under these circumstances, the United States is

8  free to seek such adjustments, enhancements, departures, and/or variances even if

9  otherwise precluded by the terms of the Plea Agreement.

10      15.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

11 Defendant acknowledges that, by entering the guilty plea(s) required by this Plea

12 Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

13 pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

14 judgment of conviction. Defendant further agrees that, provided the Court imposes a

15 custodial sentence that is within or below the Sentencing Guidelines range (or the

16 statutory mandatory minimum, if greater than the Guidelines range) as determined by the

17 Court at the time of sentencing, Defendant waives to the full extent of the law:

18      a.    Any right conferred by Title 18, United States Code, Section 3742,

19 to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

20 restitution order, probation or supervised release conditions, or forfeiture order (if

21 applicable); and

22      b.    Any right to bring a collateral attack against the conviction and

23 sentence, including any restitution order imposed, except as it may relate to the

24 effectiveness of legal representation.

25      This waiver does not preclude Defendant from bringing an appropriate motion

26 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

27 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

Plea Agreement - 12
*United States v. Phillips*, CR23-074 RSM

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//
//
//
//
//

Plea Agreement - 13
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.     **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 23rd day of January, 2024.


DE'ONDRE LAMONTIA PHILLIPS
Defendant


BRENT HART
Attorney for Defendant


TODD GREENBERG
Assistant United States Attorney

Plea Agreement - 14
*United States v. Phillips*, CR23-074 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970